UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>Plaintiff(s),<br><br>v.<br><br>SFR INVESTMENTS POOL 1, LLC, et al.,<br><br>Defendant(s). | Case No. 2:17-CV-1962 JCM (VCF)<br><br>ORDER |

Presently before the court is the matter of *U.S. Bank National Association v. SFR Investments Pool 1, LLC et al*, case no. 2:17-cv-01962-JCM-VCF. This order addresses the following motions:

1. Defendant SFR Investments Pool 1, LLC's ("SFR") motion to strike. (ECF No. 59). Plaintiff U.S. Bank National Association ("plaintiff") filed a response (ECF No. 66), to which SFR replied. (ECF No. 67).

2. Plaintiff's motion for summary judgment. (ECF No. 51). Defendants SFR and Tapestry at Town Center Homeowners Association ("the HOA") filed separate responses (ECF Nos. 57, 58), to which plaintiff replied. (ECF No. 64).

3. SFR' motion for summary judgment. (ECF No. 53). Plaintiff filed a response (ECF No. 56), to which SFR replied. (ECF No. 62).

4. The HOA's motion for summary judgment. (ECF No. 52). Plaintiff filed a response (ECF No. 55), to which the HOA replied. (ECF No. 61).

5. The HOA's motion to dismiss. (ECF No. 38). Plaintiff and SFR filed separate responses (ECF Nos. 43, 45), to which the HOA replied. (ECF No. 49).

**James C. Mahan**
**U.S. District Judge**

6. SFR's motion to dismiss. (ECF No. 36). Plaintiff filed a response (ECF No. 44), to which SFR replied. (ECF No. 46).

**I.    Facts**

This case involves a dispute over real property located at 9145 Intriguing Avenue, Las Vegas, Nevada 89149 ("the property"). (ECF No. 33).

In 2006, Pamela Poole and James Huhta ("borrowers") purchased the property. *Id.* The borrowers financed their ownership of the property by way of a loan in the amount of $201,600 evidenced by a note and secured by a deed of trust recorded on March 21, 2006. (ECF No. 51-1).

On April 8, 2011, the HOA recorded a notice of delinquent assessment lien for borrowers' failure to pay their HOA monthly assessments. (ECF No. 51-7). On April 23, 2012, the HOA recorded a notice of default and election to sell. (ECF No. 51-11).

In an attempt to exercise its right of redemption, Bank of America, N.A. ("BANA"), the servicer of the loan at the time, requested a ledger from the HOA identifying the superpriority amount of the lien on May 21, 2012. (ECF No. 51-8 at 9–10). On May 25, 2012, the HOA provided a payoff ledger of the borrowers' delinquent payment history, indicating a total amount due of $2,699.76. (ECF No. 51-8 at 13–16). However, the ledger did not identify the superpriority portion of the lien. *Id.* The ledger also did not indicate that there were any outstanding fees for maintenance or nuisance abatement. *Id.* The ledger did state, however, that the HOA's monthly assessments against the property were $66.00. *Id.*

Based on the monthly assessment amount identified in the HOA's ledger, BANA calculated the sum of nine months of common assessments, which totaled $594.00, and sent a check for that amount to the HOA on June 7, 2012. (ECF No. 51-8 at 18–20). Along with the check, BANA sent the HOA a letter explaining that the check was the sum of nine months of common assessment and was intended to "satisfy [plaintiff's] obligations to the HOA as a holder of the first deed of trust against the property." *Id.* The HOA refused BANA's tender. *Id.*

Instead, on April 9, 2014, the HOA recorded a notice of foreclosure sale. (ECF No. 51-12). On May 2, 2014, the HOA sold the property in a nonjudicial foreclosure sale. (ECF No. 51-

13). SFR purchased the property at the foreclosure sale, and on May 14, 2014, the HOA recorded the trustee's deed of dale. *Id.*

Thereafter, on August 11, 2014, plaintiff obtained its interest in the deed of trust via a corporate assignment recorded with the Clark County recorder's office. (ECF No. 51-5).

## II.     Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not

consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III. Discussion**

On July 19, 2017, plaintiff initiated this action against defendants. (ECF No. 1). In its first amended complaint, plaintiff asserts six causes of action: (1) quiet title/declaratory relief; (2) preliminary injunction; (3) unjust enrichment; (4) wrongful foreclosure; (5) negligence; and (6) negligence per se. (ECF No. 33).

The court now considers the parties' respective motions to strike, dismiss, and for summary judgment. *See* (ECF Nos. 36, 38, 51–53, 59).

   *a. SFR's motion to strike*

SFR moves to strike "all arguments and assertions made by [plaintiff] . . . of or relating to the assertion that the superpriority portion of the lien at issue herein was satisfied before the association foreclosure sale by the former homeowners. . ." (ECF No. 59). However, the court finds that it can resolve the pending motions for summary judgment without relying upon the contested assertions. Accordingly, the court will deny as moot SFR's motion to strike. *Id.*

    *b. Plaintiff's motion for summary judgment*

Plaintiff argues in its motion for summary judgment that it is entitled to judgment on its quiet title claim because it properly tendered the superpriority portion of the HOA's lien. (ECF No. 51). In light of the recent Nevada Supreme Court case, *Bank of America, N.A. v. SFR Invs. Pool 1, LLC*, the court agrees.

Under NRS 116.31166(1), the holder of a first deed of trust may pay off the superpriority portion of an HOA lien to prevent the foreclosure sale from extinguishing the deed of trust. *See* Nev. Rev. Stat. § 116.31166(1); *see also SFR Investments*, 334 P.3d at 414 ("But as a junior lienholder, BOA could have paid off the SHHOA lien to avert loss of its security . . ."). The superpriority portion of the lien consists of "the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges," while the subpriority piece consists of "all other HOA fees or assessments." *SFR Investments*, 334 P.3d at 411; *Horizons at Seven Hills Homeowners Association v. Ikon Holdings, LLC*, 373 P.3d 66 (Nev. 2016).

In *Bank of America*, the Nevada Supreme Court held that a foreclosure sale did not extinguish a first deed of trust when Bank of America, the holder of the deed of trust, used the HOA's representations to calculate and tender the sum of nine months of delinquent assessments. *Bank of America, N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 121 (Nev. 2018) ("*Bank of America*"). Although the superpriority portion of an HOA lien typically includes maintenance and nuisance abatement charges, the court held that "Bank of America tendered the correct amount to satisfy the superpriority portion of the lien . . . [because] the HOA did not indicate that the property had any charges for maintenance or nuisance abatement." *Id.* at 118.

The Nevada Supreme Court's holding in *Bank of America* controls the court's analysis in this case. Like *Bank of America*, where Bank of America relied on the HOA's representations to

- 5 -

calculate nine months of assessments, BANA relied on the HOA's ledger to calculate nine months of assessments. *See id*. at 118; (ECF No. 51-8).

Further, as in *Bank of America*, the HOA did not indicate that the property had any charges for maintenance or nuisance abatement. *See Bank of America*, 427 P.3d at 118; (ECF No. 51-8). Thus, when BANA sent a check for nine months of assessments to the HOA, it properly tendered the superpriority portion of the lien.

Therefore, the nonjudicial foreclosure sale did not extinguish the deed of trust. *See id*. at 121 ("It follows that after a valid tender of the superpriority portion of an HOA lien, a foreclosure sale . . . cannot extinguish the first deed of trust"). Accordingly, the court holds that plaintiff is entitled to summary judgment on its quiet title claim.

In its prayer for relief, plaintiff requests "a declaration and determination that [plaintiff's] interest is secured against the Property, and that the [deed of trust] was not extinguished by the HOA Sale." (ECF No. 33 at 16). Because the court grants summary judgment for plaintiff on its quiet title claim, plaintiff has received the relief it requested. Therefore, the court will dismiss as moot plaintiff's second, third, fourth, fifth, and sixth causes of action. *See Bank of Am., N.A. v. Falcon Point Ass'n*, 2018 U.S. Dist. LEXIS 167719, *21-22 (D. Nev. Sept. 28, 2018).

    *c. SFR and the HOA's adverse motions*

Because the court holds that plaintiff is entitled to summary judgment on its quiet title claim and has dismissed plaintiff's remaining claims, the court must necessarily deny SFR and the HOA's respective motions to dismiss and motions for summary judgment. (ECF Nos. 36, 38, 52, 53).

**IV. Conclusion**

As a result of the foregoing, plaintiff has demonstrated that its deed of trust continues to encumber the property, and that SFR has taken title subject to its deed of trust. No other relief is granted, and all other claims are dismissed.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that SFR's motion to strike (ECF No. 59) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment (ECF No. 51) be, and the same hereby is, GRANTED in part, consistent with the foregoing.

IT IS FURTHER ORDERED that SFR's motion for summary judgment (ECF No. 53) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the HOA's motion for summary judgment (ECF No. 52) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the HOA's motion to dismiss (ECF No. 38) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that SFR's motion for to dismiss (ECF No. 36) be, and the same hereby is, DENIED as moot.

The clerk is instructed to enter judgment accordingly and close the case.

DATED February 14, 2019.

_____
UNITED STATES DISTRICT JUDGE